*United States Bankruptcy Court*
*District of New Jersey*
*Clarkson S. Fisher Federal Building*
*United States Courthouse*
*402 East State Street*
*Trenton, New Jersey 08608*

*Hon. Kathryn C. Ferguson, USBJ* *(609) 989-0494*

March 8, 2013

Courtney A. Schael, Esquire
Ashford – Schael, LLC
511 Summit Avenue
Westfield, New Jersey 07090

Carlos A. Monteiro, Esquire
Gomes & Monteiro
41-51 Wilson Avenue
PO Box 5159
Newark, New Jersey 07105

          Re:    National Pool Construction, Inc.
                 Case No. 09-34394

                 Scott C. Pyfer vs. Josantos Construction
                 Adversary No. 11-2377

Dear Counsel:

      On October 22, 2012, the court found that the payments to the Defendant did not constitute a preference under 11 U.S.C. § 547, and denied summary judgment on that basis and dismissed the complaint. In response to the dismissal, counsel for the Plaintiff contacted chambers[1] requesting that the court rule on the remaining counts of the Complaint. After a review of the record, the court finds it appropriate to vacate the dismissal and address the remaining counts of the Complaint. The court does not need any further submissions from the parties; it will base its decision on the papers submitted in support and opposition to the summary judgment motion.

---

[1] E-mail from Courtney Schael, Esq. dated December 10, 2012, on notice to Carlos Monteiro, Esq., counsel for the Defendant

The motion Plaintiff filed on June 29, 2012[2], stated that summary judgment was sought on "all counts of the complaint".[3] The relief sought in the proposed order submitted with the motion included avoidance of "the post-petition transfers from the Debtor to the Defendant in the amount of $4,285.00", as well as disallowance of "[a]ny claim(s) of the Defendant whether scheduled by the Debtor or pursuant to a filed proof of claim".[4] Based on the notice of motion and the order, the court finds that the Defendant was on notice that relief was sought on all the counts of the Complaint. Accordingly, the court finds that it should have ruled on the remaining counts prior to dismissing the Complaint. The remaining counts to be addressed by this opinion are Count II, which sought to avoid a post-petition transfer under 11 U.S.C. § 549, Count III, which sought to recover the avoided transfer, and Count IV, which to sought to disallow any claim by the Defendant under 11 U.S.C. § 502(d).

Federal Rule of Civil Procedure 56(a) provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[5] In undertaking this analysis, the court must view the facts in the light most favorable to the non-moving party.[6] "After making all reasonable inferences in the nonmoving party's favor, there is a genuine issue of material fact if a reasonable jury could find for the nonmoving party."[7] While the moving party bears the initial burden of showing the absence of a genuine issue of material fact, meeting this obligation shifts the burden to the non-moving party who must "set forth specific facts showing that there is a genuine issue for trial."[8]

Count II of the Complaint alleges that the Defendant received a transfer of estate property after the filing of the bankruptcy petition, and that such payment was not authorized under the Bankruptcy Code or by the bankruptcy court. In the motion for summary judgment, the Plaintiff argued that the Defendant "received post-petition transfers from the Debtor for payment of prepetition obligations in the amount of $4,285.00."[9] The certification of Paul Santos, submitted in opposition to the summary judgment motion, states that he received a check for $4,285 on September 11, 2009 in payment of services rendered August 25, 2009.[10] The Debtor filed its petition on September 16, 2009. Those undisputed facts are sufficient for the court to find in the Plaintiff's favor on Count II.

---

[2] The court notes that the Plaintiff failed to submit a memorandum of law in support of its summary judgment motion as required by D.N.J. LBR 9013-2, and thus did not address the legal standards under 11 U.S.C. § 549 or § 502(d).
[3] Plaintiff's *Notice of Motion* at 2 [Docket no. 7]
[4] Plaintiff's *Judgment Against Defendant, Josantos Construction* at ¶ 2, 3 [Docket no. 7]
[5] Fed. R. Civ. P. 56(a)
[6] Pignataro v. Port Auth. of N.Y. & N.J., 593 F.3d 265, 268 (3d Cir. 2010)
[7] Id. at 268
[8] Anderson v. Liberty Lobby, 477 U.S. 242, 250 (1986)
[9] *Certification of Maryann N. Veytsman, Esq., CPA, In Support of Plaintiff's Request for Summary Judgment* at ¶ 9 [Docket no. 7]
[10] *Certification of Paul Santos in Opposition to the Motion for Summary Judgment* at ¶7(f)

To satisfy the elements of section 549(a), the movant must establish that "1) after commencement of the bankruptcy case in question, 2) property of the estate 3) was transferred, and 4) the transfer was not authorized by the Bankruptcy Court or by a provision of the Bankruptcy Code."[11]  On its face, the $4,285 payment would not appear to be a post-petition transaction because the check was issued pre-petition, and it was for work provided pre-petition. The majority of courts to have considered this issue, however, have found that the "date on which a check is honored rather than the date of the delivery of the check is the date of transfer for section 549 purposes".[12]  That position is consistent with the Supreme Court's ruling in the preference context that under the Bankruptcy Code a "transfer" of a check occurs when the drawee bank honors the check, not when the payee receives it.[13]  The Debtor's accounting records show that the check for $4,285 was not honored by the bank until September 18, 2009, which is post-petition.[14]  Those undisputed facts establish the first three elements of a cause of action under § 549.

The final element is whether the transfer was unauthorized.  One of the prime examples of a postpetition transfer that is not authorized by the Bankruptcy Code is the payment of prepetition unsecured creditors.[15]  The cases are legion that find that such payments are recoverable under § 549.[16]  In In re Quality Interiors, Inc.,[17] the court found that funds used to pay prepetition wages were recoverable under § 549.  The court acknowledged that a Chapter 11 debtor is allowed to make payment in the ordinary course of its business, but noted that the "payment by a debtor-in-possession of pre-petition claims outside of a confirmed plan of reorganization is generally prohibited by the Bankruptcy Code, and such transfers are recoverable. 11 U.S.C. § 549."[18]  The court went on to note that if such payments were to be considered under § 105 then prior authorization by the court was required.  Here, the Defendant received a postpetition payment of a pre-petition unsecured claim without prior court authorization.  Accordingly, the court finds that the final element of § 549 is satisfied and summary judgment in the Plaintiff's favor can be entered on Count II.

---

[11] ETS Payphones, Inc. v. AT & T (In re PSA, Inc.), 335 B.R. 580, 585 (Bankr. D. Del. 2005)

[12] Allen N. Resnick and Henry J. Somner, *Collier's on Bankruptcy* ¶ 549.04[3] (16th ed.); *see also*, In re CRC Parent Corp., 2013 WL 781603 (Bankr. D. Del. March 1, 2013) (crucial date for § 549 purposes is date a check is honored)

[13] Barnhill v. Johnson, 503 U.S. 393 (1992)

[14] *Certification of Maryann N. Veytsman, Esq., CPA, In Support of Plaintiff's Request for Summary Judgment* at ¶ 8; Ex. B

[15] In re T.A. Brinkoetter & Sons, Inc., (Bankr. C.D. Ill. May 22, 2012) ("A prepetition debt that is unsecured is not properly payable by a debtor in possession, even if the debtor in possession holds a good faith, reasoned belief that it is in the best interest of the reorganizing business to pay it), *citing*, In re Kmart Corp., 359 F.3d 866 (7th Cir. 2004) (rejecting the payment of unsecured claims to "critical vendors")

[16] Allen N. Resnick and Henry J. Somner, *Collier's on Bankruptcy* ¶ 549.04[1] (16th ed.) (collecting cases)

[17] 127 B.R. 391 (Bankr. N.D. Ohio 1991)

[18] Id. at 396

      Once a judgment in favor of the Plaintiff is entered on Count II, recovery under Counts III and IV is straightforward. Count III seeks to recover for the benefit of the estate any transfer avoided under § 549. Section 550(a)(1) permits recovery from the initial transferee of an avoided transfer. The Defendant, as the acknowledged recipient of the check, is indisputably the initial transferee of the $4,285.[19] Therefore, the Defendant is liable for the avoided transfer under § 550. Finally, § 502(d) provides that "the court shall disallow any claim of any entity … that is a transferee of a transfer avoidable under section … 549 … unless such entity or transferee has paid the amount … for which such entity or transferee is liable …."[20] Summary judgment can be granted on Count IV finding that any amount owed to the Defendant in the bankruptcy case is disallowed unless and until the post-petition transfer is repaid.

      The court will enter an order granting summary judgment in favor of the Plaintiff on Counts II, III and IV.

                                                ***/s/ Kathryn C. Ferguson***
                                                KATHRYN C. FERGUSON
                                                US Bankruptcy Judge

---

[19] *Certification of Paul Santos in Opposition to the Motion for Summary Judgment* at ¶7(f)

[20] 11 U.S.C. § 502(d)